UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY WILLIAMS, and
FRANCENE WILLIAMS,

    Plaintiffs,          CIVIL ACTION NO. 07-12761

  vs.                         DISTRICT JUDGE PAUL BORMAN
                               MAGISTRATE JUDGE DONALD A. SCHEER

LIBERTY BANK,

    Defendant,
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendant's Motion to Dismiss for lack of subject matter jurisdiction, based on the Rooker-Feldman Doctrine, should be GRANTED, as a federal district court may not hear an appeal of a case already litigated in the state court.

\* \* \*

Plaintiffs filed the instant Complaint on July 2, 2007, seeking federal appellate review of a Wayne County Circuit Court decision allowing Defendant to initiate foreclosure proceedings on a residence in Detroit, Michigan for failure to pay property taxes. Plaintiffs originally filed an action in the Wayne County Circuit Court on May 2, 2006, seeking a temporary restraining order enjoining a sheriff's sale of their Detroit residence. Plaintiffs alleged that their failure to pay their property taxes was not a breach of a mortgage held by Defendant.

The Wayne County Circuit Court granted Defendant's Motion for Summary Disposition on October 24. 2006 (See Exhibit G, attached to Defendant's Motion to

Dismiss). The Court allowed Defendant to proceed with foreclosure proceedings, and the bank was eventually granted a Sheriff's Deed to the Subject Property in January 2007. Plaintiffs' Motion for Relief from Order was denied by the Wayne County Circuit Court on January 12, 2007 (Exhibit H). The state court later denied Plaintiffs' Motion for Reconsideration in April 2007. Plaintiffs filed the instant action raising the same facts, issues and claims previously raised and disposed of by the Wayne County Circuit Court.

Defendants filed a Motion to Dismiss on September 27, 2007, arguing that the federal courts lack subject matter jurisdiction, pursuant the Rooker-Feldman Doctrine. Defendant also asserts that Plaintiffs claims are barred by the Full Faith and Credit Clause of the Constitution. Plaintiffs filed a reply to the Motion to Dismiss on November 20, 2007, urging this Court to retain jurisdiction. Plaintiffs claim that Defendants provided fraudulent information to the Wayne Circuit Court in order to obtain a foreclosure order.

LACK OF JURISDICTION

I am persuaded that Defendant's Motion to Dismiss for lack of jurisdiction should be granted. The Rooker-Feldman doctrine precludes appellate review in federal trial courts of state court determinations.

> That doctrine, a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in the state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.

United States v. Owens, 54 F.3d 271, 274 (6th Cir. 1995) (citing District of Columbia Court of Appeal v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). The Rooker-Feldman doctrine prevents a party losing in state court from seeking

what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. Hood v. Keller, 341 F.3d 593, 597 (6th Cir. 2003).

The allegations and issues contained herein are identical to the ones previously brought by Plaintiffs in the Wayne County Circuit Court. These claims were denied, as being without merit, by the state court. Plaintiffs never filed an appeal with Michigan's appellate courts. Therefore, Plaintiffs' assertions, which purport to undermine the Wayne Circuit Court's decision to allow Defendant to proceed with foreclosure proceedings, are precluded from review in this federal forum. Accordingly, it is recommended that Defendant's Motion on to Dismiss should be granted.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

                                s/Donald A. Scheer
                                DONALD A. SCHEER
                                UNITED STATES MAGISTRATE JUDGE

DATED: March 4, 2008

_____

**CERTIFICATE OF SERVICE**

I hereby certify on March 4, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 4, 2008. **Ray Williams, Francene Williams.**

                                s/Michael E. Lang
                                Deputy Clerk to
                                Magistrate Judge Donald A. Scheer
                                (313) 234-5217